UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONEX UNIVERSAL LIMITED, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:18 MC 725 CDP |
| | ) |
| PARKER-HANNIFIN CORPORATION, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

RLS, LLC sued movant Conex Universal Limited in the United States District Court, Southern District of Illinois, for allegedly infringing two patents – namely, technology directed to certain press-fit pipe fittings. Respondent Parker-Hannifin Corporation is the exclusive distributor for the RLS fittings that involve the patented inventions. Conex asks me to compel Parker to produce certain documents in response to a third-party subpoena issued under Fed. R. Civ. P. 45. Upon consideration of the parties' respective arguments, I will grant the motion to compel in part and deny it in part.

**Document Request No. 1**

Conex's motion to compel the documents sought in Request No. 1 is denied to the extent it seeks documents in addition to those which Parker has agreed to produce. The request for documents relating to "any analysis, study, report, investigation, or examination relating to the RLS press fitting" is too broad and goes

beyond the scope of Conex's stated intent to obtain information relevant to the RLS fittings' profitability, popularity, and commercial success. I agree with Parker that such information is more readily available from RLS, the party to the litigation.

**Document Request No. 2**

Conex's motion to compel the documents sought in Request No. 2 is denied to the extent it seeks documents in addition to those which Parker has agreed to produce. Although Conex argues that Parker provides no assurance that the proffered documents are sufficiently responsive to the request, Parker is bound by Fed. R. Civ. P. 26(e) to supplement its document production if its current response is found to be incomplete or incorrect.

**Document Request No. 3**

Conex has withdrawn this request.

**Document Request No. 4**

Conex's motion to compel the documents sought in Request No. 4 is granted. On the information provided to me on this motion, I disagree with Parker's averment that this information can be obtained from RLS. Conex's claim that Parker provides such information to RLS does not show that RLS has in its possession Parker's documents concerning, referring, or relating to Conex's accused products.

**Document Request No. 5**

Conex's motion to compel the documents sought in Request No. 5 is denied. To the extent Conex argues that the requested documents are relevant to the commercial success of and the demand for the RLS fittings, I agree with Parker that such information is readily obtainable from RLS and/or from Parker in documents it previously agreed to produce. As stated by Parker, it cannot sell more product than what it obtains from RLS.

Accordingly,

**IT IS HEREBY ORDERED** that movant Conex Universal Limited's Motion to Compel [1] is granted in part and denied in part as set out above.

**IT IS FURTHER ORDERED** that, within seven (7) days of the date of this Order, Parker-Hannifin Corporation shall produce to Conex: 1) the documents it agreed to produce in response to Document Request Nos. 1 and 2; and 2) the documents requested in Document Request No. 4. Parker is reminded of its obligation under Fed. R. Civ. P. 26(e) to supplement its document production if its current responses are found to be incomplete or incorrect.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of January, 2019.